UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS N. TABOR, JR.,

       Plaintiff,                          CASE NO. 03-70243

-vs-                                            PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE

ELECTRONIC DATA SYSTEMS, INC.,
and METROPOLITAN LIFE INSURANCE
COMPANY

       Defendants.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On May 6, 2005, Plaintiff filed the instant motion for reconsideration of the Court's April 27, 2005 Order granting Defendant EDS' Motion for summary judgment.

Local Rule 7.1(g)(3) governs motions for reconsideration and provides in pertinent part as follows:

> [T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

L. R. 7.1(g)(3).

The Court finds that Plaintiff has failed to demonstrate a "palpable defect by which the court and the parties have been misled" and that "correcting the defect will result in a different disposition of the case." L. R. 7.1(g)(3). Plaintiff argues that the parties and the Court improperly analyzed its breach of contract claim under the "legitimate expectations" doctrine of

1

*Toussaint v. Blue Cross & Blue Shield of Michigan,* 408 Mich. 579 (1980), and that the Short Term Disability ("STD") policy is an enforceable contract. The Court, however, finds that Defendant EDS and the Court analyzed Plaintiff's breach of contract claim based upon *Toussaint's* legitimate expectations doctrine because that is precisely what Plaintiff alleged in his complaint. Plaintiff's complaint alleged "EDS's promise to provide STD benefits pursuant to the written STD benefits policy attached hereto as Exhibit A, caused Tabor to develop the legitimate expectation that he would receive STD benefits in accordance with that policy." (Complaint ¶64). Plaintiff further argued that the STD policy was enforceable under *Toussaint* in his Response to Defendant EDS' Motion for Summary Judgment. (See Plaintiff's Response, at 17). As such, the Court correctly held that *Toussaint* has not been extended beyond the question of whether a just-cause employment contract exists. See *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Ran,* 67 F. Supp. 2d 764, 777 (E.D. Mich. 1999). It is self evident that the parties' allegations frame the Court's analysis of their claims.

Further, regardless of whether the STD policy is enforceable, the Court finds that Plaintiff's claim that the Court incorrectly found that Plaintiff was ineligible to receive STD benefits under the STD policy fails. The Court finds that Plaintiff merely presents the same issues ruled upon by the Court in its April 27, 2005 Order.

In sum, these alleged errors do not constitute "palpable defect[s] by which the court and the parties have been misled." Accordingly, the Court DENIES Plaintiff's Motion for Reconsideration.

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: May 17, 2005

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on May 17, 2005.

s/Jonie Parker
Case Manager